COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Annunziata and Frank


WILBUR LAFAYETTE THOMPSON, III

                                        MEMORANDUM OPINION*
v.    Record No. 1779-99-2                PER CURIAM
                                         FEBRUARY 8, 2000
ROBERTA FRENCH THOMPSON


             FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                      Herbert C. Gill, Jr., Judge

             (Alexandra D. Bowen; Bowen, Bryant,
             Champlin & Carr, on brief), for appellant.

             (Graham T. Jennings, Jr.; Graham T. Jennings,
             Jr., P.C., on brief), for appellee.


     Wilbur Lafayette Thompson, III (husband) appeals from the

final decree of divorce entered by the circuit court.  Husband

contends that the trial court erred when valuing the marital

estate by admitting into evidence the testimony of an expert

witness called by Roberta French Thompson (wife) as to the value

of Cavalier Vending Corporation (Cavalier).  Upon reviewing the

record and briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the decision of

the trial court.  See Rule 5A:27.

     "The admission of expert testimony is committed to the

sound discretion of the trial court, and this Court will reverse

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

a trial court's ruling only where that court has abused its discretion." Virginia Elec. & Power Co. v. Dungee, 258 Va. 235, 258, 520 S.E.2d 164, 177 (1999). "Where experts offer conflicting testimony, it is within the discretion of the trial court to select either opinion." Rowe v. Rowe, 24 Va. App. 123, 140, 480 S.E.2d 760, 768 (1997) (citing Reid v. Reid, 7 Va. App. 553, 563, 375 S.E.2d 533, 539 (1989)). "It is well established that the trier of fact ascertains [an expert] witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (en banc) (citation omitted). "We will not disturb a trial court's finding of the value of an asset unless the finding is plainly wrong or unsupported by the evidence." Shooltz v. Shooltz, 27 Va. App. 264, 275, 498 S.E.2d 437, 442 (1998).

Citing Code § 8.01-401.3(B), husband contends that the testimony of wife's expert witness, Carlson Woo, was inadmissible because it was speculative and not based upon facts or sound methodology. Husband further contends that the trial court erred by considering Woo's determination of a "liquidation" value of Cavalier despite the fact that there was no indication that Cavalier was to be liquidated. We find no merit in these contentions.

-

Husband's expert witness, Stephen Ragland, prepared a written report based upon the financial records of Cavalier and certain assumptions. Ragland opined that Cavalier had a fair market value of $150,000, using a capitalized future return method and asset based approach. Ragland noted that his report contained certain limitations and departures from generally accepted accounting principles. Wife's expert reviewed and critiqued Ragland's written report and the assumptions on which it was based, noting with specificity assets which Woo believed were undervalued or otherwise inaccurately reported. Neither Woo nor Ragland physically examined the assets of Cavalier and both relied upon certain representations made by husband.

Nothing in Code § 8.01-401.3(B) barred the introduction by wife of the testimony of an expert witness designed to impeach the valuation testimony of husband's witness. Woo's testimony addressed only questions of fact and drew no conclusions of law. The facts upon which Woo relied were those set out in Ragland's report. Using the data set out in Ragland's report, Woo found that Cavalier had a net asset based or "liquidation" value of $500,918. Woo noted that Ragland's report was ambiguous concerning the ongoing viability of Cavalier. While there was no evidence that husband intended to liquidate Cavalier, we find no error in the trial court's consideration of Woo's testimony concerning the company's value.

-

The trial court was entitled to weigh the testimony of the respective expert witnesses and assign a value to Cavalier based upon the evidence and its determination of the witnesses' credibility.  The trial court's finding that the business was worth $300,000 was within the range of values supported by the evidence.  Therefore, we cannot say that the trial court's determination was clearly erroneous.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>